[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10231
Non-Argument Calendar
_____

Agency No. A205-358-855

LEONARDO ESPARZA-DIAZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 22, 2016)

Before MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Leonardo Esparza-Diaz, proceeding through counsel, seeks review of the

Board of Immigration Appeals ("BIA") order denying his second motion to reopen

removal proceedings as both time- and number-barred, 8 C.F.R. § 1003.2(a).  On

appeal, Esparza-Diaz argues that: (1) the ineffective assistance rendered by his three prior attorneys warrants equitable tolling of the time- and number-bar on motions to reopen; and (2) the BIA relied on an incorrect legal premise in refusing to use its authority to sua sponte reopen his removal proceedings.  After careful review, we deny the petition in part, and dismiss it in part.

We review the BIA's denial of a motion to reopen for abuse of discretion, namely, whether the BIA exercised its administrative discretion in an arbitrary or capricious manner.  Montano Cisneros v. U.S. Att'y Gen., 514 F.3d 1224, 1226 (11th Cir. 2008).  "The moving party bears a heavy burden" because "motions to reopen are disfavored, especially in removal proceedings."  Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009).

The BIA shall not grant a motion to reopen unless:

[I]t appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing; nor shall any motion to reopen for the purpose of affording the alien an opportunity to apply for any form of discretionary relief be granted if it appears that the alien's right to apply for such relief was fully explained to him or her and an opportunity to apply therefore was afforded at the former hearing, unless the relief is sought on the basis of circumstances that have arisen subsequent to the hearing. Subject to . . . other requirements and restrictions . . . , a motion to reopen proceedings for consideration or further consideration of an application for relief under section 212(c) of the Act (8 U.S.C. 1182(c))[1] may be granted if the alien

---

[1] The Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") repealed former 8 U.S.C. § 1182(c), which governed suspension of deportation, and replaced it with 8 U.S.C. § 1229b, which governs cancellation of removal.  Mohammed v. Ashcroft, 261 F.3d 1244, 1248 n.3 (11th Cir. 2001).

demonstrates that he or she was statutorily eligible for such relief prior to the entry of the administratively final order of deportation.

8 C.F.R. § 1003.2(c)(1). We have held that, "[a]t a minimum, there are at least three independent grounds upon which the Board may deny a motion to reopen: (1) failure to establish a prima facie case; (2) failure to introduce evidence that was material and previously unavailable; and (3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion." Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001).

An alien may file one motion to reopen within 90 days of the date on which a final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7). This 90-day time limit is a non-jurisdictional claim-processing rule, and is thus subject to equitable tolling. Avila-Santoyo v. U.S. Att'y Gen., 713 F.3d 1357, 1365 (11th Cir. 2013) (en banc). And although we have not specifically answered whether the rule allowing just one motion is also subject to equitable tolling, we've suggested that it is. See Ruiz-Turcios v. U.S. Att'y Gen., 717 F.3d 847, 850 (11th Cir. 2013). In Ruiz-Turcios, we noted that "equitable tolling is a threshold showing that must be made before the merits of the claim or claims underlying a motion to reopen can be considered." Id. at 851. "[E]quitable tolling generally requires a litigant to show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Id. (quotation omitted).

3

The facts underlying a claim of ineffective assistance of counsel may serve as both a basis for equitable tolling and the merits of a motion to reopen, though the standards for each are distinct. Id. While an alien in removal proceedings does not have a Sixth Amendment right to counsel, he does have a "constitutional right under the Fifth Amendment Due Process Clause right to a fundamentally fair hearing to effective assistance of counsel where counsel has been obtained." Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1273 (11th Cir. 2005) (quotation and emphasis omitted). To establish ineffective assistance of counsel in a deportation hearing, an alien must show that his "counsel's performance was deficient to the point that it impinged upon the fundamental fairness of the hearing such that the alien was unable to reasonably present his [] case." Id. at 1274 (quotation omitted) (concerning a timely first motion to reopen). Additionally, an alien claiming ineffective assistance of counsel must show he was prejudiced by counsel's deficient performance, meaning there is a reasonable probability that but for counsel's error, the outcome of the proceedings would have been different. Id.

In Mejia Rodriguez v. Reno, 178 F.3d 1139 (11th Cir. 1999), the alien argued that a time-barred motion to reopen was the fault of counsel. We held that the alien could not establish ineffective assistance of counsel if the deficient representation merely prevents the alien from being eligible for suspension of deportation, because that kind of relief was discretionary. Id. at 1146-48. We

4

reasoned that deficient representation does not deprive an alien of due process, because the chances of receiving such relief "are too speculative, and too far beyond the capability of judicial review, to conclude that the alien has actually suffered prejudice from being ineligible…." Id. at 1148.  We have since applied our holding in Mejia Rodriguez to conclude that an alien cannot raise a due process challenge based on the denial of cancellation of removal.  See Mohammed, 261 F.3d at 1248 n.3, 1250-51.

The Attorney General has discretion to cancel the removal of an alien who demonstrates, in relevant part, that he has not been convicted of certain offenses, including certain firearm offenses, as set forth in 8 U.S.C. § 1227(a)(2)(C).  8 U.S.C. § 1229b(b)(1).  As for the disqualifying firearm offenses, an alien is not eligible for cancellation of removal if he has been convicted under any law of possessing or carrying a firearm or destructive device, as defined in 18 U.S.C. § 921(a). 8 U.S.C. § 1229b(b)(1); 8 U.S.C. § 1227(a)(2)(C).  Section 921(a) defines "firearm" as "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device."  18 U.S.C. § 921(a)(3).

Here, the BIA did not abuse its discretion in denying Esparza-Diaz's second motion to reopen as both time- and number-barred.   Esparza-Diaz claims that his

previous attorneys were ineffective for failing to proffer evidence to show that his prior Florida conviction for open carrying of a weapon was not a firearm offense that would statutorily disqualify him from cancellation of removal.  However, this argument is premised on the notion that his attorneys' failing resulted in the denial of his application for cancellation -- a discretionary form of relief.  Under Mejia Rodriguez, 178 F.3d at 1146-48, Esparza-Diaz cannot establish that he was prejudiced by his counsels' alleged ineffective assistance.  As we explained there, any deficient representation by Esparza-Diaz's counsel could not have deprived him of due process since the chances of him receiving such relief "are too speculative, and too far beyond the capability of judicial review, to conclude that the alien has actually suffered prejudice from being ineligible."  Id. at 1148. Accordingly, the BIA did not abuse its discretion in determining that Esparza-Diaz did not establish that "exceptional circumstances" in his case warranted equitable tolling.  Thus, we deny Esparza-Diaz's petition as to this claim.

As for Esparza-Diaz's challenge to the BIA's refusal to exercise its sua sponte authority to reopen his removal proceedings, we lack jurisdiction over this issue.  We've previously recognized that we lack jurisdiction to hear an appeal of the BIA's denial of a motion to reopen based on its sua sponte authority. Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1292-93 (11th Cir. 2008).  In Mata v. Lynch, 135 S. Ct. 2150 (2015), the Supreme Court reversed and remanded a case when the

Fifth Circuit determined that it lacked jurisdiction to review the BIA's denial of a motion to reopen where the BIA had both denied the motion as untimely and refused to exercise its sua sponte authority to reopen. Id. at 2154-56. However, the Supreme Court did not determine that the Fifth Circuit erred in determining that it lacked jurisdiction to review the BIA's refusal to sua sponte reopen the removal proceedings. Id. at 1255. Instead, it determined that, even assuming arguendo that the Fifth Circuit lacked jurisdiction to review the BIA's refusal to sua sponte reopen the proceedings, that refusal did not strip the Fifth Circuit of its jurisdiction to address the BIA's denial of the statutory motion to reopen as untimely. Id. We have since held that Mata did not alter the holding in Lenis, and that we lack jurisdiction to review the BIA's denial to exercise its authority to sua sponte reopen the removal proceedings. Butka v. U.S. Att'y Gen., 827 F.3d 1278, 1285-86 (11th Cir. 2016).

We are therefore bound under our precedent to hold that we lack jurisdiction to review the BIA's determination that no "extraordinary circumstances" existed to warrant the exercise of its authority to sua sponte reopen removal proceedings. See Butka, 827 F.3d at 1285-86; Lenis, 525 F.3d at 1292-93. As we've explained, Mata did not provide that appellate courts have the jurisdiction to review the BIA's refusal to reopen removal proceedings sua sponte. See Butka, 827 F.3d at 1285-86. Therefore, we dismiss Esparza-Diaz's petition as to this claim.

7

**PETITION DENIED IN PART, DISMISSED IN PART.**